# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 11, 2012 Session

## DEREK ALTON BADGER v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Bedford County
### No. 12243    Robert Crigler, Judge

### No.  M2011-02742-CCA-R3-PC - Filed February 25, 2013

Petitioner, Derek Alton Badger, was convicted of aggravated sexual battery after a jury trial in Bedford County.   Petitioner's challenge to the sufficiency of the evidence was unsuccessful on appeal.  *See State v. Derek Alton Badger*, No. M2009-01295-CCA-R3-CD, 2010 WL 3489173, at *1 (Tenn. Crim. App., at Nashville, Aug. 25, 2010), *perm. app. denied* (Tenn. Jan. 18, 2011).  Subsequently, Petitioner sought post-conviction relief, arguing that he received ineffective assistance of counsel and that the trial court failed to advise him regarding sex offender registration and community supervision.  After a hearing on the post-conviction petition, at which Petitioner presented several witnesses, the post-conviction court dismissed the petition.  Petitioner filed a timely notice of appeal and seeks our review of the dismissal of the petition for post-conviction relief on the basis of ineffective assistance of counsel.  After a thorough review of the record and applicable authorities, we affirm the judgment of the post-conviction court because Petitioner has failed to show by clear and convincing evidence that he is entitled to post-conviction relief.  Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

William P. Holloway, Franklin, Tennessee, for the appellant, Derek Alton Badger.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Charles Crawford, District Attorney General, and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Petitioner's indictment and subsequent conviction arose after his three-year-old niece accused him of touching her vagina. *Id.* At the time of the incident, Petitioner lived with his mother, step-father, brother, sister, and sister's three children. While Petitioner's sister, Cynthia, was bathing her daughter, the daughter asked her to stop washing her vagina because it "hurt." When the child was questioned, she indicated that Petitioner had touched her vagina or "wee wee" with his finger. The child was taken to the hospital the next day for an examination. *Id.* When Petitioner was first questioned, he denied the allegations, instead claiming that the child's brother, Petitioner's stepfather, or a toy dinosaur could have been responsible. The victim's brother was seven years old at the time. During a second interview after repeated denials, Petitioner again suggested the victim's brother was responsible or that the victim had made up the allegations.
.

> The [Petitioner] subsequently confessed to touching the outside of [the victim's] vagina, under her clothing, for approximately three to five seconds while they were horse playing and wrestling. He also told them that [the victim's] brother had left the room and that the Defendant and [the victim] were alone when he touched her. He never claimed that touching [the victim] was an accident. After his confession, the Defendant wrote the following statement:
>
>> On the day of 08 April 12 or the 5 I was watching the kids after school in the evening. [the victim] was watching TV and me, [the victim's brother] and [the victim] was horseplaying and I touch her on the *outside of her vagina for 3 to 5 sec* (on the inside of her panties) and then I realized what I was doing and stop and ran out side a smoke me a cigarette and started crying and told myself it will never ever happen again and will co[]operate and go to coun[se]ling. And I also thought suicide.

*Id.* at *2. (emphasis in original)

At trial, the victim testified that her uncle touched her vagina while she was on the floor in the living room watching television. At the time, her grandmother was in a bedroom watching a movie, and her uncle was in his room playing a game. There was no one else in

the living room. *Id.* Petitioner's mother, Barbara Throneberry,[1] testified at trial that the victim's allegations were "impossible" because she was the babysitter for the child, had never seen it happen, and the victim would have said something about it to her. *Id.* at *3. Ms. Throneberry admitted that she occasionally watched television in her bedroom but claimed that she could see the living room from her room. "Ms. [Throneberry] also acknowledged that she has been charged with coercing a witness and was presently accused of trying to get Ms. Badger to lie about where she and her children lived in April 2008." *Id.*

Appellant denied all allegations at trial, even testifying that his step-father had once "caught [the victim's] brother with his hand down the front of [the victim's] pants." The victim's brother was seven years old at the time. *Id.* Petitioner "blamed stress, anxiety, bipolar disorder, adult ADD, and asthma for his confession." *Id.*

At the conclusion of the jury trial, Petitioner was convicted of aggravated sexual battery as charged in the indictment. *Id.* at *4. Petitioner appealed to this Court, alleging on appeal that the evidence was insufficient to support the conviction. *Id.* This Court upheld the conviction, and the supreme court denied permission to appeal.

Subsequently, Petitioner sought post-conviction relief. In a pro se petition, Petitioner alleged that he received ineffective assistance of counsel and that the trial court failed to inform him of the sex offender registry and community supervision requirements that accompanied his conviction. Specifically, Petitioner alleged the following claims of ineffective assistance of counsel: (1) trial counsel was ineffective during opening argument; and (2) trial counsel failed to properly investigate the case. Counsel was appointed and an amended petition was filed. In the amended petition, Petitioner alleged: (1) trial counsel was ineffective for failing to object during Agent Michael Smith's testimony at trial as to Petitioner's veracity during his interrogation; (2) trial counsel failed to properly investigate witnesses Michael Throneberry, Samantha Mason, and Barbara Throneberry; and (3) trial counsel was ineffective at sentencing and on appeal for failing to object to the trial court's use of enhancement factor fourteen.

The post-conviction court held a hearing on the petition. At the hearing, trial counsel testified that he discussed the case with Petitioner on numerous occasions prior to trial. Trial counsel recalled discussing potential witnesses but could not specifically recall if they discussed calling Mr. Throneberry as a witness. Trial counsel testified that Samantha Mason was not discussed as a witness. Trial counsel recalled that to his knowledge the only people

---

[1] At trial, Petitioner's mother and step-father were referred to as Mr. and Mrs. Thornberry. Their last name is actually Throneberry.

living in the home at the time of the incident were Petitioner and his mother. Prior to trial, counsel spoke with Mrs. Throneberry, who claimed that there were inappropriate activities that had taken place between the victim and her brother. Trial counsel did not ask Mrs. Throneberry to detail these things at trial. Trial counsel explained that any testimony regarding sexual activity between the victim and her brother would likely be inadmissible because of Rule 412. Further, Petitioner's statement "pretty much tracked exactly what the victim said." Trial counsel determined that the information about the victim's brother, even if true, was irrelevant because it did not show anything about the victim or Petitioner, and did not relate to the charge. In other words, it would not have affected the outcome of the trial.

Prior to trial, trial counsel also sent an investigator to the home of the victim to talk to the mother of the victim. Trial counsel did not attempt to interview the victim because of her age. By this time, Petitioner had given a full confession. Trial counsel did not attempt to have the confession deemed inadmissible at trial. In his opinion, there was no basis for this argument. As per his usual method of working on a case, trial counsel requested and received discovery materials from the State and discussed them with Petitioner. Petitioner's statements, both written and oral, were included in the discovery. In the written statement Petitioner admitting to touching the victim on her vagina inside her panties.

Trial counsel prepared for trial with the help of Petitioner. Petitioner was out on bond pending trial. During this time, trial counsel was able to explain the law and potential punishments to Petitioner. Petitioner was given a "really good" offer from the State for the minimum sentence of eight years. Trial counsel encouraged Petitioner to take the deal. He declined, and the case proceeded to trial. Trial counsel explained that he did the best he could given the facts of the case.

Petitioner's stepfather, Mr. Throneberry, testified at the post-conviction hearing. He claimed that he saw the victim's brother on top of the victim about a month or two prior to trial. He described their actions as "inappropriate" and told the mother about what he saw. Mr. Throneberry stated that he told both trial counsel and Petitioner about what he saw and would have been willing to testify about it at trial. On cross-examination, Mr. Throneberry admitted that he signed a sworn affidavit in which he claimed that he also witnessed an incident involving the victim's brother and a doll. He testified at the post-conviction hearing that he did not witness such an event. He was unable to explain why he signed an affidavit claiming otherwise.

Samantha Mason, Petitioner's sister-in-law, testified at the post-conviction hearing. She was previously engaged to Petitioner but later married his brother. In 2008, Ms. Mason saw the victim and her brother with their pants down. The two children were touching each

other. Ms. Mason told the mother of the children; the mother separated the children. Ms. Mason also saw the siblings "cuddling" before the trial in this case. She could not recall if she discussed the cuddling with the mother of the victim and her brother. Ms. Mason did not tell anyone about what she saw prior to trial. However, Ms. Mason claimed that the victim's mother knew about it prior to trial.

Mrs. Throneberry also testified at the post-conviction hearing. She claimed that she saw the brother of the victim naked with a doll that was also naked. The two were in a sexual position. Mrs. Throneberry told the mother of the child about the incident. Mrs. Throneberry claimed that she attempted to tell trial counsel about what she saw but that she was continually told to keep quiet.

At the conclusion of the post-conviction hearing, the post-conviction court denied relief and dismissed the petition. Petitioner appeals.

*Analysis*
*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the

result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Petitioner argues on appeal that the post-conviction court erred in dismissing the petition and denying post-conviction relief because the court incorrectly determined that trial counsel was effective. Petitioner insists that trial counsel was ineffective for failing to properly investigate the case and call both Mr. Throneberry and Ms. Mason as witnesses and failed to question Mrs. Throneberry about the inappropriate behavior she witnessed involving the victim's brother. Specifically, Petitioner argues that trial counsel should have and could have filed a motion under Tennessee Rule of Evidence 412(c)(4)(ii) in order to question the victim about her knowledge of sexual matters and that no such motion would have been required to introduce evidence of the victim's brother's behavior. Additionally, Petitioner argues that trial counsel failed to object to Agent Michael Smith's personal opinion that Petitioner was being dishonest. The State submits that Petitioner failed to establish by clear and convincing evidence that any errors of trial counsel would have led to a different outcome at trial.

Here, the post-conviction court accredited trial counsel's testimony at the post-conviction hearing. The post-conviction court determined that even if the testimony regarding the victim's brother was "relevant" it was not "exculpatory" because the victim could have been "abused by more than one person" and it "is not all that unusual for a child being sexually abused to act out in a sexual way." The post-conviction court commented that

the State could have potentially used the evidence to show that the activity, if it occurred, was a product of the victim's abuse. The post-conviction court held that "if the proof had been presented, that it would [not] have changed the outcome of the case given [Petitioner's] confession and the child's testimony, which was, my recollection, . . . very credible." As to the complaint about opinion testimony given by Agent Smith, the post-conviction court determined that Agent Smith did not go against the court's ruling that he was prohibited from providing an opinion on Petitioner's truthfulness.

The record supports the conclusions of the post-conviction court. At trial, Petitioner argued that the long interview process resulted in a coerced confession. Agent Smith testified that during the interview, Petitioner initially denied the allegations. As the interview progressed, Agent Smith was of the opinion that Petitioner was not being truthful. During the course of the interview, Agent Smith confronted Petitioner, telling him during the interview that he did not believe what he was saying. Agent Smith did not, as Petitioner insists, opine to the jury that Petitioner was untruthful. Because Agent Smith did not violate the trial court's prohibition from discussing his opinion on Petitioner's truthfulness, there was no reason for trial counsel to object to the testimony. This issue is without merit.

As to the testimony that could have been provided by Mr. Throneberry or Ms. Mason, the evidence does not preponderate against the post-conviction court's conclusion. In other words, trial counsel was not ineffective for failing to call these witnesses at trial. Trial counsel heard the evidence presented by the witnesses at the post-conviction hearing and testified that it would not have been relevant, and even had he known about it prior to trial he would not have included it in his defense theory. Trial counsel commented that the case was strong against Petitioner when viewing the victim's statement and Petitioner's confession because the two mirrored each other in substance. Petitioner has not shown prejudice or that the outcome of trial would be different. He is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE

-7-